## M. J. KEEFE *vs.* GEORGE W. FAIRFIELD.

Hampden. September 23, 1903. — October 24, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract*, Implied, Performance and breach, Damages. *Waiver.*

One who voluntarily has made payments under a contract, and subsequently has broken the contract by failing to make other payments as they became due, cannot recover the money he has paid, if the other party did not break the contract and was ready to perform it.

A provision, in an agreement for the sale of land to be paid for in monthly instalments, that, on the failure for a period of thirty days to pay an instalment, the

vendor at his election may treat the contract as void and have the right to re-
tain for his own use as liquidated damages all money previously paid under the
contract, will be enforced as an agreement for liquidated damages, and not
treated as declaring a forfeiture on such failure upon which actual damages
should be assessed.

A provision, in a contract for the sale of land to be paid for in instalments, that on
a failure to pay an instalment, lasting for a certain period, the vendor at his
election may treat the contract as void and retain as liquidated damages the
money previously paid under it, is not waived as to future instalments by the
vendor accepting payments after defaults have been made.

CONTRACT, with a count for money had and received and
another count for an alleged breach of an agreement in writing.
Writ in the Police Court of Springfield dated December 7, 1901.

On appeal to the Superior Court the case was tried before
*Wait,* J., without a jury. The judge refused to make the rul-
ings requested by the plaintiff, and found for the defendant.
The plaintiff alleged exceptions, raising the questions stated by
the court.

*R. C. Goodale,* for the plaintiff.

*L. F. Hardy,* for the defendant.

KNOWLTON, C. J.    This is an action brought to recover money
paid by the plaintiff to the defendant under a contract in writing
for the purchase of certain building lots from the defendant.
The payments were to be made in monthly instalments of $10
each, and the writing contains this language: "Provided, how-
ever, that if said party of the second part, his heirs, executors,
administrators or assigns, shall fail to pay any of the instalments
of said principal sum for the period of thirty days, this agree-
ment shall become null and void and of no effect, at the election
of said party of the first part, and said party shall be released
from all obligations hereunto, but shall have the right to retain
for his own use, as liquidated damages for such failure, all moneys
previously paid on account of said principal sum.    And no mod-
ification of any part of this agreement, or waiver of any of its
provisions, shall be binding unless modifications or waiver is
noted hereon in writing, signed by said party of the first part."
The declaration is in two counts, one for money had and received
by the defendant to the plaintiff's use, and one upon the contract,
averring that the plaintiff had made payments to the amount of
$210, and that he had offered and tendered to the defendant pay-
ment of the balance due under the contract, but that the defend-

ant had notified him that no further payments would be accepted, and that he would not give any deed or deeds under the contract. He also averred generally a readiness on his part and a refusal of the defendant to perform the contract.

The only exception is to the refusal of the judge to give certain rulings requested. The bill of exceptions purports to state all the evidence material to the questions of law. The evidence showed that on August 7, 1899, the plaintiff was adjudicated a bankrupt, and that he was then somewhat in default in making the payments called for by the contract. Between this date and the date of the writ, which was December 7, 1901, he made payments aggregating only $90, which left him much more in default upon the payments which then had become due. The exceptions state that no tender was made by the plaintiff at any time, nor any demand for a deed.

There is nothing in the bill of exceptions to show performance, or an offer of performance of the contract by the plaintiff, and so far as appears the defendant would at any time have received the balance due upon the contract and have given a deed, waiving the plaintiff's delay, if the plaintiff had been ready to pay the balance due. The case stated in the bill of exceptions seems to be merely an attempt of one who has voluntarily made payments under a contract, and who has broken the contract by failing to make other payments as they became due, to recover back what he has paid to the other party to the contract, who has not broken it and who stands ready to perform it. Manifestly there can be no recovery in such a case, and none of the rulings requested could be given in such a case. This alone is enough to dispose of the exceptions.

Most of the requests for rulings seem to have been made upon an assumption that the defendant has exercised his right of election under the provision quoted above, and has treated the contract as void, and has retained the money as liquidated damages. If the facts were in accordance with this assumption, the rulings requested upon the apparent ground that the money cannot be retained as liquidated damages, and that the provision must be treated as declaring a forfeiture upon which actual damages should be assessed, were rightly refused. The doctrine stated in *Guerin* v. *Stacy*, 175 Mass. 595, covers these requests.

See also *Garst* v. *Harris*, 177 Mass. 72, 74; *Wallis* v. *Smith*, 21 Ch. D. 243; *Atkyns* v. *Kinnier*, 4 Exch. 776, 783.

The other questions in the case it is not necessary to consider at length. In view of the plaintiff's bankruptcy it does not appear that he now has the rights which originally belonged to him under the contract. It is also expressly found that the defendant had no knowledge of his bankruptcy until after the commencement of this suit.

Nor can it truly be said that the defendant, by accepting payments after default in making previous payments, waived the right to insist upon the provisions of the contract when the plaintiff failed to make later payments as they became due.

The waiver did not extend beyond the events that had then occurred, to which it related.

*Exceptions overruled.*