PETER ANDERSON *vs.* GERALD J. SAVAGE.

Norfolk.    March 27, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach.    *Waiver.*

In an action for a return of money paid by the plaintiff to the defendant under an agreement in writing as the purchase price of land, a deed of which the defendant failed to give to the plaintiff, it appeared that the agreement was made in 1911, called for instalment payments and payment by the plaintiff of taxes subsequent to 1911, that, if the plaintiff did not pay the taxes, the defendant might " at . . . [his] option " do so " and the same shall thereupon be added to and become a part of the purchase price hereunder and be payable on the same conditions as the principal sum," and provided that interest should be paid by the plaintiff semiannually on all unpaid balances as shown to be due at the last prior interest date.    There was no specification as to when interest was payable, but both parties understood that the defendant was to compute and make demand for it.    The plaintiff paid the last instalment of principal before it was due and was told that he might have the deed as soon as he paid the interest and taxes.    The defendant had not paid the taxes.    After several attempts to obtain a deed, the plaintiff procured a statement from the defendant that $73.48 was due for interest and taxes and tendered $75; but the defendant for one excuse or another failed to give the deed.    There was a verdict for the plaintiff.
*Held,* that
(1) Even assuming that the defendant had any claim for the payment of interest prior to the computation and tender above described, a finding was warranted that such claim was waived by the defendant;
(2) A finding was warranted that the defendant never had any claim against the plaintiff for taxes, and, if he had had such a claim, that it was waived;
(3) The verdict for the plaintiff was warranted.

CONTRACT for $420 and interest from August 31, 1914, it being alleged that the $420 was paid to the defendant as the purchase price for land under the agreement described in the opinion, and that the defendant had failed to deliver a deed of the land.    Writ dated May 14, 1920.

In the Superior Court, the action was tried before *Burns,* J. Material evidence is described in the opinion.    At the close of the evidence, the defendant moved that a verdict be ordered in his favor.    The motion was denied.    The jury

found for the plaintiff in the sum of $661.42; and the defendant alleged exceptions.

The defendant moved for a new trial on the ground, among others, that the damages were " erroneously computed." The motion was denied. No exception to such denial was saved.

*C. H. Waterman,* for the defendant.

*G. B. Nissen,* for the plaintiff.

DeCourcy, J. On September 18, 1911, the parties entered into a written agreement for the purchase and sale of a lot of land in Weymouth. By its terms the plaintiff was to pay the purchase price of $420, in monthly instalments of $10 each, with interest, and the taxes subsequent to 1911. After paying $420 the plaintiff brought this action to recover the same; claiming that the defendant, in violation of his agreement, had refused to give a deed of the property. The jury returned a verdict for that amount and interest. The only exception is one to the refusal of the trial court to direct a verdict for the defendant.

It is not disputed that the plaintiff paid the full amount of the purchase as early as August 31, 1914, although the last instalment was not payable until the following February. The controversy arises over the non-payment of interest and taxes; and the defendant contends that under the terms of the agreement all the rights of the plaintiff were extinguished by his failure to pay those items. As to interest, the contract stipulated: " Sixth. Interest at the rate of 5% per annum, computed semiannually, shall be paid by the party of the second part on all unpaid balances as shown to be due at the last prior interest date; such interest to be added to the principal sum and be payable under like terms and conditions." It did not specify when interest was payable: and it is apparent from the record that both parties understood the defendant was to compute and make demand for the same. There was evidence that when the plaintiff made his last payment of principal, August 31, 1914, and was asked when he wanted the deed, he replied " any time; " that the defendant said " there is the taxes and interest to be paid. You will have to pay that cash all in one sum; " and then

assured him he " could come in and get the deed any time when I got the money." Although the defendant at that time said that the taxes and interest amounted to $53 and some cents, he did not state how much of that amount was due for interest; and it appears that he had not paid the taxes. Nevertheless the jury could find that the plaintiff soon afterwards made three visits to the defendant's office to obtain the deed, and was put off with excuses; that he then employed attorneys, to one of whom he gave money for the taxes and interest; that finally he went to defendant's office on December 6, 1916, with a witness, and asked him to figure out the taxes and interest; that the defendant and his stenographer did so, and gave the plaintiff a memorandum stating the amount as $73.48: whereupon he tendered $75 and demanded a deed. The defendant said " he could not give the deed then because his wife had to sign it and that he could not get hold of a justice of the peace." Similar efforts to get a deed were made a number of times later by the plaintiff and by his wife. Even assuming that the defendant had any claim for the payment of interest prior to the computation and tender on December 6, 1916, the jury could find that such claim was waived.

The agreement provided that the plaintiff should pay the taxes levied on the property subsequent to 1911. It stipulated, however, that if he should not pay them the defendant might " at . . . [his] option " pay them, " and the same shall thereupon be added to and become a part of the purchase price hereunder and be payable on the same conditions as the principal sum." There was ample evidence for the jury that the defendant never did pay the taxes, and hence had no claim therefor against the plaintiff. Even if he had such claim, they could find that he waived any delay in the payment of taxes as well as of interest, for the reasons above set forth. The case of *Keefe* v. *Fairfield,* 184 Mass. 334, is plainly distinguishable on the facts.

The contention that the amount of the verdict is wrong was advanced and disposed of on the motion for a new trial. It is not open on this record.

*Exceptions overruled.*