ARTHUR W. KING *vs.* CHARLES W. MILLIKEN.

Suffolk. March 6, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Contract,* For sale of land, Construction, Performance and breach, Rescission.

At the trial of an action of contract to recover the amount of a deposit paid by the plaintiff to the defendant at the making of an agreement for a sale by the defendant to the plaintiff of certain real estate, it appeared that the agreement was in writing and called for delivery of the deed on a certain date; that on that date the parties met at the proper registry of deeds; that the defendant tendered to the plaintiff a duly executed deed but that the plaintiff refused to accept the deed and then for the first time alleged that there were certain minor defects in the title; that by agreement of the parties the time for performance was extended to a certain date and the defendant agreed to tender in place of a warranty deed a quitclaim deed under a Land Court title; that there were further extensions of time owing to the delay in the Land Court proceedings; that finally the plaintiff refused to extend the time further unless he could be given possession of the premises pending completion of the Land Court proceedings; that, on the day when the last extension expired, the defendant tendered a duly executed deed, which the plaintiff refused to accept and demanded back his deposit; that about a month and a half later a decree of the Land Court, registering the title, was entered and that the defendant then notified the plaintiff and again tendered a deed, which the plaintiff refused to accept. *Held,* that

(1) There was nothing in the original agreement or in any of the extensions or in the surrounding circumstances to indicate that the parties intended that time should be of the essence of the contract;

(2) In the circumstances, the defaulting purchaser was not entitled to recover the deposit;

(3) The defendant also was entitled to a finding based on the equitable defence that he might maintain against the plaintiff a bill in equity for specific performance of the agreement for sale;

(4) The fact that, after the plaintiff finally had repudiated his contract and had brought his action, the defendant by a lease in writing let the premises to a third party, did not prevent the defendant from maintaining his equitable defence to the action.

CONTRACT for $500, deposited by the plaintiff with the defendant at the making of an agreement in writing for the sale by the defendant to the plaintiff of certain real estate in Barnstable. Writ dated June 6, 1922.

In the Superior Court, the facts were agreed upon. It appeared that the house on the premises in question had been unoccupied from November 10, 1921, to the date of the hearing, and that on October 11, 1922, the defendant made a lease in writing to a third party which was for a term extending from November 1, 1922, to October 31, 1923. Other material facts are described in the opinion. There was a hearing before *McLaughlin*, J., who found for the defendant, ruling as follows:

" Construing the defendant's answer as alleging in defence facts which would entitle the defendant in equity to be relieved against the plaintiff's claim, (G. L. c. 231, § 31) I am of opinion that the defendant was entitled to be relieved from the consequences of the delay in the performance of his contract. If the defendant had brought a bill for specific performance he would, I believe, have prevailed, because there is nothing in the original agreement or in any of the extensions or in the surrounding circumstances to indicate that the parties intended that time should be of the essence of the contract. It is reasonably to be inferred after the parties agreed that the title should be registered in the Land Court and after the petition for registration was filed that neither party should be held strictly to the time fixed in any of the agreements for extension and both parties seem to have expected that the time for passing the title should be postponed until it was registered. Consequently I infer from the agreed facts that there was no rescission of the

contract when on the day fixed in the last extension for the passing of the papers the defendant failed to tender a deed of a duly registered title and the plaintiff was present ready to accept it. In finding for the defendant I am simply enabling him to avail himself, by way of defence, of an equitable right which he could have asserted by a bill in equity.''

The plaintiff appealed.

*A. L. Richards*, for the plaintiff.

*A. W. Milliken*, for the defendant.

DeCourcy, J. By instrument dated October 27, 1921, the parties agreed to the purchase and sale of a parcel of land in Barnstable, with certain personalty thereon, for $8,000. The plaintiff paid a deposit of $500, and now seeks to recover it in this action. The original agreement provided that the premises were to be conveyed by warranty deed on or before November 10, 1921. On that date the parties and their attorneys met at the registry of deeds in Barnstable, and the defendant tendered a duly executed deed. This the plaintiff refused to accept and, for the first time, alleged that there were certain minor defects in the title; and he requested the defendant to register his title in the Land Court. The agreement was thereupon modified by substituting for a warranty deed a quitclaim deed under a Land Court title. Further, the time for performance was extended first until February 10, 1922, then to April 10, and later to May 10, 1922. These delays, made necessary by the proceedings in the Land Court, were readily agreed to by both parties. In fact, in sending the last extension, counsel for the plaintiff stated that the decree of the Land Court would not be entered until about three weeks after the return day of the citation (May 29), and suggested that the next extension be until June 19. He also asked that '' Dr. King be authorized to take possession pending the completion of the Land Court proceedings.'' The defendant was not willing to assent to this last, in view of the trouble and expense to which he had been put; but was willing to pass the papers without awaiting the Land Court decision. Thereupon the plaintiff on May 8 wrote that he would not agree to another extension. On May 10 the parties met

at the registry, and the defendant tendered a warranty deed. This the plaintiff refused, and demanded repayment of the deposit of $500.

A decree registering the title was entered on July 3, 1922, and was duly filed in the registry on July 6. On July 10 the defendant notified the plaintiff of the registration, and added that he would be ready to pass title at the Barnstable registry of deeds at 11 A.M. on July 19, 1922. At that time the defendant was present, ready to deliver the deed; but the plaintiff did not appear.

The trial judge was fully warranted in finding that the parties expected the time for passing the title should be postponed until it was registered; that they should not be held strictly to the time fixed in any of the agreements for extension; and that there was no rescission of the contract when the defendant failed to tender a deed of a duly registered title on May 10, 1922. As he expressly found: "there is nothing in the original agreement or in any of the extensions or in the surrounding circumstances to indicate that the parties intended that time should be of the essence of the contract." *Mansfield* v. *Wiles*, 221 Mass. 75.

On the facts as found it was the plaintiff who made default in the performance of his contract; and the defendant was ready and willing to fulfil all his obligations. In such circumstances the defaulting purchaser ordinarily is not entitled to recover a deposit which he has made in part payment. *Smith* v. *Greene*, 197 Mass. 16, 18. *Keefe* v. *Fairfield*, 184 Mass. 334. *Ketchum* v. *Evertson*, 13 Johns. 359. *Skookum Oil Co.* v. *Thomas*, 162 Cal. 539. *Hillyard* v. *Banchor*, 85 Kans. 516. *Grimes* v. *Goud*, (Maine) 10 Atl. Rep. 116. *Steinbach* v. *Pettingill*, 38 Vroom, 36. *Lawrence* v. *Miller*, 86 N. Y. 131. *Sanders* v. *Brock*, 230 Penn. St. 609. L. R. A. 1918 B, 540 note. The conclusion reached by the trial judge might well have rested on this ground. It was equally open to the defendant to set up an equitable defence in his answer, under G. L. c. 231, § 31. The judge found the facts to be as alleged in the answer; and, in substance, ruled that the defendant would have been entitled to a decree for specific performance in a bill in equity season-

ably brought against this plaintiff. In other words, he was entitled in equity to be "absolutely and unconditionally relieved against the plaintiff's claim." And the subsequent lease of the premises, after the plaintiff had finally rescinded his contract and brought this action, did not constitute a rescission of the contract by the defendant. "The plaintiffs renounced the contract, and peremptorily refused to fulfil it; it was in vain, therefore, to keep the land for them. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to sell." *Ketchum* v. *Evertson, supra,* page 365. *Sanders* v. *Brock,* 230 Penn. St. 609, 615.

*Order for judgment affirmed.*