BENJAMIN H. CHERTOK *vs.* AROOSIAG H. KASSABIAN
& another.

Suffolk.    March 17, 1926. — March 19, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach.    *Tender.*

An agreement for the purchase of real estate providing for the payment of
the purchase price "in cash" is not performed by the purchaser's
tendering a certified check of a third party accompanied by a refusal
by the purchaser of a request by the seller to get the check cashed.

CONTRACT for $500, deposited as part of the purchase
price of real estate to be sold by the defendant to the plaintiff.
Writ in the Municipal Court of the City of Boston dated
January 23, 1924.

Material facts found by the judge of the Municipal Court
are described in the opinion.    Having found for the defend-
ants, he reported the action to the Appellate Division, who
ordered the report dismissed.    The plaintiff appealed.

The case was submitted on briefs.

*B. H. Chertok & W. M. Blatt,* for the plaintiff.

*J. E. Kelley & J. K. Tertzag,* for the defendants.

BY THE COURT.    This is an action to recover a deposit
made on account of the purchase price at the time of signing
an agreement in writing whereby the plaintiff was to buy
and the defendants to sell certain real estate.    The evidence
need not be narrated.    Although conflicting, it justified the
finding of the trial judge that "the plaintiff has never been
able, ready and willing to carry out his agreement with the
defendant."    This finding bars recovery.    *Carpenter* v.
*Holcomb,* 105 Mass. 280, 284.    *Sleeper* v. *Nicholson,* 201
Mass. 110.    Clearly the plaintiff did not offer to perform
his part of the agreement according to its terms.    The
tender of a certified check of a third person accompanied by
refusal by the plaintiff to get it cashed at the request of the
defendants was not the equivalent of payment "in cash"

required by the agreement. The doctrine of *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271, is inapplicable.

*Order dismissing report affirmed.*