H. C. *Thompson*, for the defendant Stevens.

A. X. *Dooley*, for the defendant Sawyer.

OWEN KERRIGAN, administrator, *vs.* ALICE M. KERRIGAN. February 4, 1942. Exceptions dismissed. This bill in equity brought in the Superior Court was dismissed by a final decree. The plaintiff appealed but did not perfect his appeal. After the entry of the final decree the plaintiff made a motion for a new trial based, in part, on the ground that the judge entering the decree failed to comply with the provisions of § 14A, inserted in c. 220 of the General Laws by St. 1936, c. 206, relating to the time in which a case should be decided. A hearing was had upon the motion. The plaintiff's requests relating to such motion were denied, and the motion was denied. The plaintiff excepted. The exceptions bring nothing before us. The suit was within the general equity jurisdiction of the Superior Court. The final decree was a decree of that court. Even if there was irregularity in its entry — a matter upon which we intimate no opinion — it must stand unless reversed under some recognized procedure. *Moll* v. *Wakefield*, 274 Mass. 505, 507. A motion for a new trial is not such procedure. The court had no juris-

diction to reverse or set aside the decree on a motion for a new trial. *White* v. *Gove*, 183 Mass. 333, 339–340. *Morgan* v. *Steele*, 242 Mass. 217, 218. *Boston* v. *Santosuosso*, 302 Mass. 169, 174. The judge might well have declined to entertain the motion or dismissed it, instead of denying it. See *Respro, Inc.* v. *Worcester Backing Co.* 291 Mass. 467, 472; *Henry L. Sawyer Co.* v. *Boyajian*, 303 Mass. 311, 313. But the result is the same in substance.

*A. L. Stinson*, for the plaintiff, submitted a brief.

*J. Lewiton*, for the defendant.