IRENE H. DEVORE *vs.* WILLIAM J. GOOD & another.

Suffolk.    February 5, 1947. — February 27, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil*, New trial, Finding by judge. *Contract*, Performance and breach, For sale of real estate.

Upon a motion for a new trial of an action at law, the moving party was not entitled as of right to raise any question of law which he raised or might have raised at the trial; but he was entitled to raise the question whether the general finding in such action was so inconsistent with the general finding in a cross action heard therewith that the first finding should not stand.

There was not necessarily any inconsistency between a general finding for the defendant in an action to recover the amount of a deposit made by the plaintiff as prospective purchaser with the defendant as

prospective seller under a contract to purchase real estate, and a general finding for the purchaser as defendant in a cross action by the seller, heard with the purchaser's action, for breach of the contract, where the trial judge might have found that the purchaser was precluded from recovery in his action by breach of the contract on his part, but that the seller, having properly retained the deposit as liquidated damages for the breach pursuant to the contract, was not entitled to any further damages in his cross action.

CONTRACT. Writ in the Superior Court dated October 9, 1944.

The action was heard by O'Connell, J., with a cross action.

L. J. O'Malley, (J. W. Tushins with him,) for the plaintiff.

W. J. Good & G. D. Hall, for the defendants, submitted a brief.

RONAN, J. The plaintiff brought an action of contract to recover a deposit of $1,000 which she paid to the defendants in accordance with a written agreement by which she agreed to buy and they to sell to her certain premises situated in Dennis. The judge found for the defendants. The sellers brought a counter action against her for damages for breach of this agreement, and the judge found for her. She filed a motion for a new trial in the first action on three grounds: first, that the finding for the defendants was against the evidence; second, that it was against the weight of the evidence; and, third, that the finding in this case "seem[s] to be inconsistent" with the finding made in the counter action. The judge denied the motion and reported his action to this court.

The plaintiff was not entitled as of right to raise any questions of law upon this motion which she could, but neglected to, raise at the trial. Duralith Corp. v. Leonard, 274 Mass. 397. Caton v. Winslow Bros. & Smith Co. 309 Mass. 150. Neither was she entitled as of right to be heard upon the motion in so far as it was alleged to be based upon the insufficiency of the evidence to support a finding for the defendants. The trial judge had only recently considered and weighed the evidence, and he could not be required to reconsider his decision upon the same evidence. Menici v. Orton Crane & Shovel Co. 285 Mass. 499. Ner-

*bonne* v. *New England Steamship Co.* 288 Mass. 508. If the judge did entertain the motion in so far as the first two grounds were concerned, there was no abuse of discretion in denying the motion on those grounds. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482. *Graustein, petitioner,* 305 Mass. 571. *Bartley* v. *Phillips,* 317 Mass. 35.

The action brought by the plaintiff was tried with the counter action, and the question whether the general finding made in one case was so inconsistent with the finding made in the other that the finding in the first case cannot stand may be raised by a motion for a new trial. *Lander* v. *Samuel Heller Leather Co. Inc.* 314 Mass. 592. *Langdoc* v. *Gevaert Co. of America, Inc,* 315 Mass. 8. *Godfrey* v. *Caswell, post,* 161.

The general finding for the defendants in the action brought against them by the plaintiff imports a finding of every subsidiary fact necessary to support it. *Adams* v. *Dick,* 226 Mass. 46. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86. *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147. The judge must have impliedly found that the plaintiff committed a breach of her agreement and that she was thereby precluded from recovering her deposit. *Smith* v. *Greene,* 197 Mass. 16. *King* v. *Milliken,* 248 Mass. 460. *Chertok* v. *Kassabian,* 255 Mass. 265. *Cobb* v. *Library Bureau,* 268 Mass. 311, 316, 317. The general finding for her in the counter action brought by the sellers may have rested upon implied findings that the deposit was properly retained by them as liquidated damages as provided in the written agreement, *Keefe* v. *Fairfield,* 184 Mass. 334; *Garcin* v. *Pennsylvania Furnace Co.* 186 Mass. 405; *Edward G. Acker, Inc.* v. *Rittenberg,* 255 Mass. 599, and that, the sellers having been made whole, they were not entitled to any additional damages. The defendant sellers do not now contend that they were entitled to damages in the counter action or that the judge committed any error in finding against them. See *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218; *John J. Bowes Co.* v. *Milton,* 255 Mass. 228; *General Accident Assurance Corp.* v. *Noel,* [1902] 1 K. B. 377. Compare *United States* v. *Conti,* 119 Fed. (2d) 652.

There was no error in the order denying the motion for a new trial, and that order is affirmed.

*So ordered.*