HERBERT J. MACURDY vs. ARTHUR F. CARVER.

Middlesex.    February 4, 1952. — February 28, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Broker*, Commission. *Contract*, Construction, With broker, Performance and breach, For sale of real estate.

A deposit made by the prospective purchaser under a contract for sale and purchase of real estate was forfeited by him when he broke the contract by refusing to perform it.

Under a provision of a contract for payment to a real estate broker of a commission "according to the prevailing rate of commissions established by" a designated real estate board, which published a pamphlet containing a schedule of commissions and also containing "rules" modifying the schedule in certain instances, the amount of the broker's commission in one of such instances must be determined according to the applicable "rule" and not according to the schedule alone.

CONTRACT.   Writ in the Third District Court of Eastern Middlesex dated February 1, 1950.

The action was heard by *Russell*, J.

*J. F. Thistle*, for the plaintiff.

*J. J. Reagan*, (*J. J. Schuler* with him,) for the defendant.

LUMMUS, J.   The plaintiff, a real estate broker, brought this action of contract to recover a commission of $685 for procuring a customer for the house and lot of the defendant in Belmont.   There was evidence that the defendant employed the plaintiff to procure a customer for the property at $13,900, and that the plaintiff procured a customer who would buy it for $13,700, the ordinary commission on which would be $685.   The defendant and the customer both signed a contract for sale and purchase which was

Macurdy *v.* Carver.

drawn by the plaintiff, and the customer gave to the plaintiff a deposit of $100. The contract contained a provision that "A commission according to the prevailing rate of commissions established by the Boston Real Estate Board is to be paid by the Seller to Herbert J. Macurdy, Agent."

Later the customer refused to perform the contract. The pamphlet containing the "prevailing rate" of commissions established by the Boston Real Estate Board" was entitled "Commission Rates" and included "rules" one of which was that "When a deposit is forfeited in the case of a contemplated lease or sale, the broker shall be entitled to receive one half the amount forfeited, or an amount equivalent to one half of what the commission would have been on the contemplated transaction, whichever is the lesser." The plaintiff still holds the deposit of $100.

In the District Court the judge found for the plaintiff in the amount of $685, and denied the defendant's motion for a new trial. He refused a requested ruling in effect that under the written contract the amount of the commission must be determined by the rates established by the Boston Real Estate Board, and another that the deposit was forfeited. The Appellate Division reversed the finding and ordered judgment for the defendant. The plaintiff appealed to this court.

The customer, by his breach of his contract to buy, forfeited the deposit that he made and could recover no part of it. *Keefe* v. *Fairfield,* 184 Mass. 334. *Smith* v. *Greene,* 197 Mass. 16. *King* v. *Milliken,* 248 Mass. 460, 463. *Chertok* v. *Kassabian,* 255 Mass. 265. *Beck* v. *Doore,* 319 Mass. 707, 710. *Devore* v. *Good,* 321 Mass. 84, 86. The written contract was drawn by the plaintiff and signed by the defendant. In case of doubt one canon of construction as applied to this case is that a contract is to be construed less favorably to the plaintiff who drew it and was familiar with the real estate brokerage business. *New York Central Railroad* v. *Stoneham,* 233 Mass. 258, 262. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471–472. The plaintiff contends that we must look only at a "schedule" of com-

missions contained in a pamphlet published by the Boston Real Estate Board, and must ignore the "rules" contained in the same pamphlet which modify the schedule in specific instances of which the present case appears to be one. We agree with the Appellate Division that both were incorporated by reference in the written contract. Under that contract, so construed, the plaintiff was entitled only to half of the deposit of $100, and consequently has been overpaid.

*Order of Appellate Division
affirmed.*