*Southern District*

*District Court of Southern Norfolk*

No. 11140

**VANDER REALTY CO., INC.**

**v.**

**FRANKLIN M. GABRIEL**

(November 30, 1955)

*Cox, J.* This is an action of contract tried before (*Grover, S. J.*) to recover a deposit made by plaintiff on June 26, 1953 under a written contract of that date, to purchase from the defendant eight lots of land in the Town of Sharon. The declaration is in two counts. Count one is based on the written purchase and sale agreement and the alleged breach thereof by the defendant. Count two is for money had and received. There was a finding for the defendant. The case was reported for our determination because the plaintiff claims to be aggrieved by the finding and by the judge's treatment of the plaintiff's requests for rulings of law.

The judge made detailed findings of fact which, the report states, "incorporate all the evidence at the trial."

The undisputed material facts are that the parties on June 26, 1953 entered into a written agreement for the sale by the defendant and the purchase by the plaintiff of the eight lots of land. The purchase price was $8000. of which $1000. was paid by the plaintiff to the defendant when the agreement was signed. Under the agreement, June 15, 1953 was the date for passing papers. The agreement contained a provision that "either party may have thirty days' extension to cure any defect in title. If seller is prevented from performing by defect not caused by him, this agreement shall terminate and the seller shall return the deposit." It also provided "if the buyer fails to tender the entire consideration and accept conveyance of all lots prior to June 15, 1953, this agreement shall terminate and the seller may retain the sums paid as a deposit as liquidated damages."

Neither consideration nor deed were tendered on or before June 15, 1953 nor was the agreement extended. Prior to June 15, 1953 there had been conversation between the plaintiff's president and the defendant relative to obtaining cesspool permits on the defendant's application, which had been refused by the local board of health, and to the effect that the zoning by-law prevented construction on the lots in the manner the plaintiff had intended. The judge found, "The zoning law was in effect before the agreement was entered into and its effects could readily have been ascertained. It was a public record and if the plaintiff elected to sign the agreement without consulting it, it was no fault of the defendant. Nothing in the agreement implied a covenant that the lots complied with the zoning law or that they could be used in a particular manner. There never was even a verbal representation by the defendant that the lots could be used in any particular manner."

The defendant did not tar the surface of the road-

way, but the plaintiff made nothing of this prior to the performance date. The judge found that "as far as observing the terms of the agreement went, both parties let the matter drop. Nothing further was done by either until after the plaintiff had the title examined in 1954. Why it caused the examination to be made at that late date did not appear. Upon report of the examiner that the title was not marketable, which was so, the plaintiff demanded return of its deposit." The judge found that no defect in the title was called to the attention of the seller prior to June 15th, therefore no opportunity or occasion, according to our reading of the report, was presented to the defendant to invoke the thirty day right to correct it. The judge concluded that the plaintiff failed to tender the entire consideration and accept conveyance of the lots prior to June 15, 1953, that the agreement was thereby terminated and that the defendant was entitled to retain the deposit as liquidated damages. He found for the defendant.

In our opinion, the judge was right. It was evident that the plaintiff did not intend to complete the purchase on or before June 15th. Under the circumstances, therefore, there was no occasion for the defendant to look to the state of his title, which, had the matter seasonably arisen, he would have had thirty days to cure, if any defect appeared.

The plaintiff's failure to tender the balance of the price when due constituted a repudiation of the agreement which deprived the plaintiff of all rights under it. It cannot recover back its deposit under either count. *Macurdy v. Carver*, 328 Mass. 434; *Schilling v. Levin*, 328 Mass. 2; *Cobb v. Library Bureau*, 268 Mass. 311, 317; *Chertok v. Kassabian*, 255 Mass. 265; *King v. Milliken*, 248 Mass. 460; *Smith v. Greene*, 197 Mass. 16; *Keefe v. Fairfield*, 184 Mass. 334. No default has been shown on the part of the defendant. *Beck v. Doore*, 319 Mass. 707, 710.

In the light of the findings, which are conceded to incorporate the evidence, that the plaintiff breached its contract and accordingly may not recover back its deposit, the plaintiff's requests have become inconsequential and need not be considered. *Schilling v. Levin*, 328 Mass. 2; *Keefe v. Fairfield*, 184 Mass. 334.

*An order is to be entered dismissing the report.*
Robert C. Capasso, for the plaintiff.
H. J. Webb, for the defendant.