No. 5453

**WALLACE A. LA VALLEE**
**v.**
**SYLVIA R. CATALDO**

(March 27, 1961)

*Present:* Eno, J. (Presiding) & Northrup, J.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 4296.

(This opinion has been abridged.)

*Northrup, J.* This is an action of contract to recover a deposit of $2,000 made under a written purchase and sales agreement. The defendant's answer, in addition to a general denial and payment, alleges wilful misrepresentation and also, that the plaintiff by his failure and neglect to sign certain papers made it impossible for the defendant to perform his part of the agreement respecting F.H.A. appraisal of the property.

*At the trial there was evidence tending to show that* on October 7, 1959 the plaintiff and the defendant entered into an agreement in writing whereby the plaintiff agreed to purchase and the defendant agreed to sell a piece

of real property for the sum of $7,900, the exact nature and location of which is not disclosed in the report: Said agreement was in usual form with the exception that it contained the following so-called "escape clause":

> "It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the seller has delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $7,900.00 which statement the seller hereby agrees to deliver to the purchaser promptly after such appraised value statement is made available to the seller."

The plaintiff made a deposit of $2,000 under the agreement, the balance presumably to be paid at the passing of papers, on Nov. 16, 1959. After the signing of the agreement the defendant's real estate agent, one Luminello, undertook to help the plaintiff procure a bank mortgage and the plaintiff signed an application for F.H.A. commitment which would be completed after appraisal by the F.H.A. appraisers. On or about November 7, 1959 the Everett Co-operative Bank tentatively agreed to take the mortgage on the property and so informed Luminello who told the plaintiff and advised him that the

next step was for him to send $20 to cover the cost of the F.H.A. appraisal. The plaintiff told Luminello, who passed the information on to the defendant, that the plaintiff was no longer interested in going through with the transaction and consequently would not send the $20 deposit; that the plaintiff at about the same time also notified the defendant · that he was not going through with the agreement and demanded the return of his deposit; there was further testimony that, where a prospective purchaser announces his refusal to go through with the purchase of property, the F.H.A. will not make an appraisal since it regards a refusal by a buyer, under these circumstances, as an indication of unreliability.

At the close of the testimony and before final argument the plaintiff duly filed the following requests for rulings.

"1. Upon all the evidence there should be a finding for the plaintiff."

"2. Upon all the law there should be a finding for the plaintiff."

"3. Where an understanding is in terms conditioned on the performance of a stipulation by the other party, performance is said to be subject to a 'condition precedent' ".

"4. Where a duty is created by a party's agreement, and not by law, the party will not be excused from performing it though he is disabled without his own fault."

"5. Where a seller of real estate agrees in

writing to obtain a written statement from the Federal Housing Commissioner prior to the date for transfer of title and he does not obtain said statement then the buyer is entitled to receive back his deposit even though performance becomes burdensome or impossible." *Rome v. Peabody*, 207 Mass. 226."

"6. Under the National Housing Act the Commissioner of the Federal Housing Authority has the right to promulgate certain rules and regulations before approving a mortgage for mortgage insurance under the act and if one of the regulations require the seller to deliver to the purchaser a written statement showing the appraised value to be a certain amount and the seller does not obtain such a statement then the purchaser is entitled to receive back his deposit especially where the agreement states that 'the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise' ".

"7. Under the National Housing Act the seller of a single or a two family residence has the right or privilege to file an application with the Federal Housing Commissioner for a written statement setting forth the amount of the appraised value of the property as determined by the Commissioner even though there is no buyer for the property."

"8. A seller who signs an agreement for the sale of real estate which contains the following clause 'It is expressly agreed that, notwithstanding any other provisions of this contract, the pur-

chaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the seller has delivered to the purchaser a written statement issued by insurance purposes of not less than $7,900.00 which statement the seller hereby agrees to deliver to the purchaser promptly after such appraised value statement is made available to the seller' places upon himself the obligation to deliver said written statement and his failure to do so gives the purchaser the right to demand and receive back his deposit.' "

The trial court denied plaintiff's requests Nos. 1 and 2, allowed the plaintiff's requests Nos. 3 and 7 and denied his requests Nos. 4, 5, 6, and 8 on the grounds that said requests were inapplicable to the facts found.

The trial court found as a fact that the plaintiff was notified on or about November 7, 1959 of the readiness of the bank to accept the mortgage but that he, the plaintiff, refused for insufficient reason to go through with the transaction. The trial court ruled that such refusal was a breach of contract on the part of the plaintiff and that under the circumstances the defendant was excused from procuring and tendering to the plaintiff an F.H.A. certificate of appraisal as provided in the agreement.

The plaintiff claims to be aggrieved by the denial of his requests Nos. 1, 2, 4, 5, 6, and 8 and the only issue before us is the correctness

of the trial court's rulings on these requests. We find no error.

■ Request No. 1 for ruling "upon all the evidence" is governed by District Court Rule No. 27:

> "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified."

Furthermore no issue is raised by the trial court's denial of the plaintiff's request No. 2 for the reason that it is essentially and in legal effect identical with request No. 1 and both are governed by said rule.

■ Requests Nos. 4, 5, 6 and 8 were properly denied for the reason, as stated by the trial court, that they are not in accordance with the facts found, e.g. that the plaintiff breached the agreement and refused for insufficient reason to go through with the transaction. It is upon this finding of fact that the whole case rests. Nevertheless, in spite of the fact that this finding by the trial court is the determining factor in the case, no mention is made of the same in any of the plaintiff's requests. The plaintiff's failure to include this essential fact among those upon which his requests were predicated, results in the requests becoming mere hypothetical propositions of law and of no materiality

whatever. They were therefore properly de-
nied.

The plaintiff's only claim of error is to the
trial court's rulings on his requests Nos. 1,.
2, 4, 5, 6 and 8 and therefore, as previously
pointed out, the only issue before us is the
correctness of the trial court's rulings on the
same. Since we find no error in these rulings
the report must be dismissed.

The plaintiff argues on the merits of
the case, that the evidence did not warrant a
finding for the defendant. The decisive
answer to this contention is that this issue is
not raised by the report, there being no re-
quest to that effect. Nevertheless, in view of
the plaintiff's apparent sincerity, and the fact
that the rights of the prevailing party will
not be adversely affected thereby, we volun-
tarily and without prejudice, consider the
plaintiff's contention.

This case is governed by the
[principle] that where a purchaser repudiates
and refuses to comply with the terms of such
an agreement, he forfeits any deposit he has
made and can recover no part of the same.
*King v. Milliken,* 248 Mass. 460, 463; *Cher-
tok v. Kassabian,* 255 Mass. 265; *Beck v.
Doore,* 319 Mass. 707, 710; *Debore v. Good,*
321 Mass. 84, 86. In *Macurdy v. Carver,* 328
Mass. 434, 435, the court said:

> "The customer, by his breach of his contract to
> buy, forfeited the deposit that he made and could
> recover no part of it".

It is specious to argue that the so-called "escape clause" was intended to relieve a prospective purchaser from the consequences of his own breach of contract. The "escape clause" presumes, and is based upon the assumption and expectation, that the prospective purchaser will carry out his obligations under his agreement and will not breach the same. Certainly its purpose is not to exempt a defaulting purchaser from the basic law governing forfeitures of deposits so as to relieve him from liability thereunder and enable him to recover back a deposit to which he otherwise would not have been entitled. Its clear intent is to protect the purchaser from failure or default on the part of the seller. It is not intended to relieve a defaulting purchaser from the consequences of his own misconduct. For these reasons, the plaintiff's breach of contract is not affected by the so-called "escape clause" in the agreement.

The breach on the part of the plaintiff not only affected his right to return of the deposit but also affected the responsibility of the seller, so far as his future contractual obconditional refusal to be bound by the same, relieves the other party from his obligation of performance thereunder. *Carpenter v. Holcomb,* 105 Mass. 280; *See v. Nesson,* 249 Mass. 307. In *Gilman v. Cary,* 198 Mass. 310, 319 the court said:

". . . the unqualifying refusal to accept before

a legal tender had been made, furnished a sufficient excuse for a failure again to tender a check according to the terms of the agreement."

In *Mullay v. Austin,* 97 Mass. 30, 32 Chief Justice Bigelow explains this principle of law:

"The breach by one party, by an absolute refusal to fulfill the contract on his part, renders performance by the other party impracticable, and the right to indemnity by an action for damages at once accrues. This is an established rule as applied to contracts founded on concurrent considerations, as where one agrees to do a certain thing, or perform some act, in consideration that another will fulfil some promise or undertaking on his part."

Under the foregoing principle, upon breach of the contract by the plaintiff, and his unqualified refusal to be bound by the terms of the same, the defendant was excused from further fulfillment of his obligation thereunder and specifically was not obliged to obtain the F.H.A. certificate as otherwise required. Another reason why the defendant might well have been excused from obtaining the F.H.A. certificate, and we mention this merely in passing, is the fact that there was evidence warranting a finding that the plaintiff by his own default, that is, by renouncing the agreement, made it impossible for the defendant to obtain such a certificate. He was under no obligation to do so after the plaintiff had breached the contract.

■ There is some evidence which might have warranted the finding that since papers were to pass on November 16, 1959, the examination of the title, completion of the mortgage arrangements, obtaining of the F.H.A. certificate etc. could not have been accomplished within the nine days remaining after the plaintiff's breach. However, the trial court made no finding as to this and if it had, such finding, even if favorable to the plaintiff, would not have affected the substantive rights of the parties.

■ It should be kept in mind that the plaintiff is not a seller suing for breach of contract. Consequently the principle that in cases of anticipatory breach, in order for the plaintiff to recover, he must prove he was ready, willing and able to carry out his part of the agreement, is not applicable. Here, it is the purchaser suing for the return of his deposit and the case is governed by the law pertaining to forfeitures of down payments made under a purchase and sales agreement. In such cases the only defense of this nature is to show a prior breach by the other party. So far as forfeiture of a deposit is concerned, future obligations and responsibilities of the other party cease upon default, and the question of his performance or non-performance thereafter, or his ability to perform, is of no materiality. The forfeiture occurs immediately upon repudiation by the purchaser of his agreement and the rights of the party are determined by the contract status as of

that time. Consequently it would have had no effect whatever upon the forfeiture of deposit if the plaintiff actually had been able to show, which he did not do, that the agreement could not have been carried out within the time provided therein.

There was, no error in the trial court's rulings and the report must be dismissed.

*So ordered.*

Reinherz & Fulman of Malden, for the Plaintiff.
James T. Cassidy, Jr. of Boston, for the Defendant.