## Western District

### JOSEPH R. A. PANDISCIO d.b.a. PANDISCIO REALTY COMPANY

v.

### HENRY A. FREDETTE and CECILE FREDETTE

Argued: Jan. 4, 1966—Decided: Jan. 28, 1966

*Present*: Garvey, P.J.; Moore, Allen, JJ.

Tried to: *Dudley, J.* in the District Court of Fitchburg, No. 46358.

*Garvey, P.J.* In this action of contract by a real estate broker for a commission there was a finding for him on Count 1 of his declaration in his action against the defendant Henry A. Fredette[1] (Henry), and damages were assessed in the amount of $2500.00. Henry claimed a report.

From the report it appears that the defendants, Henry and Cecile Fredette owned, as tenants by the entirety, a parcel of land in Westminster, Massachusetts. Henry, in *August* of 1964, by written agreement "listed" this property with the plaintiff, (Pan-

---

[1] There was a finding for the defendant Cecile Fredette and no report was claimed. On count 2, on an account annexed there was a finding for both defendants and no report was claimed.

discio) a licensed real estate broker. During the exclusive period the Pandiscios interested a prospective purchaser named Albert V. Lindsay (Lindsay) in the property. On *September* 23, 1964, a purchase and sale agreement was executed by Henry, Lindsay, and Pandiscio, wherein Henry agreed to sell and Lindsay to buy the property for $27,500.-00. Henry's wife Cecile did not sign. Lindsay made a deposit of $500.00 which was retained by Pandiscio. Papers were to pass on or before *April* 1, 1965.

Two significant provisions appear on the last page of the agreement in the following order.

"A commission on the total purchase price in accordance with the commission rates prevailing in Fitchburg, Massachusetts, is due from the Seller to Pandisco Realty Co. (the plaintiff) in the amount of Two Thousand Five Hundred Dollars ($2,500.00).

SPECIAL PROVISIONS—(Note: Insert any agreements in addition to or contradicting the above.)

In the event contract is not completed on or before April 1, 1965 the Buyer will turn over all engineering surveys to the Seller. The $500.00 down payment will then be divided equally between the Seller and the Pandiscio Realty Co."

Shortly after *April* 1st it was made known that Henry [the seller] was not going to complete the sale. He testified that at that time he was having domestic trouble with his wife and she was not "available" to sign

the deed. On *April* 8th Pandiscio [the plaintiff] returned the $500.00 deposit to Lindsay and then sued Henry alleging in Count 1 he was owed $2500.00 for procuring a customer for the property.

Neither party argues that either clause is ambiguous and it does not appear that any evidence was offered at the trial on this point. The trial justice construed these two provisions "to mean that the seller has accepted the buyer as a customer and that if through *some fault of the buyer* (emphasis supplied) the sale did not go thru, the broker would not be entitled to the full commission of $2500.00 but would be paid only one-half of the $500.00 down payment". He then found, because the sale was not consummated solely because of the fault of the seller, the plaintiff was entitled to the full commission of $2500.00.

With this construction we do not agree.

■■ Assuming, as the parties did, that the two clauses are unambiguous, their interpretation presents "a pure question of law". *Taylor v. Gowetz,* 339 Mass. 294, 300; *Daley v. J. F. White Contracting Company,* 347 Mass. 285, 288. See also: *King Features Syndicate Inc. v. Cape Cod Broadcasting Co. Inc.,* 317 Mass. 652.

■ Pandiscio, being a party to the buy and sell agreement is bound by the terms applicable to him. *Macurdy v. Carver,* 328 Mass. 434.

■ The rule of law applicable to the

facts in the instant case is stated in the recent case of *Lee* v. *Ravanis,* 349 Mass. 742, 745 There Mr. Justice Cutter said:

> "The record indicates that Schedule A was language specially prepared for this agreement. With minor exceptions the balance of the agreement was on printed form of the general type frequently sold by law stationers. If there is conflict between them, the specially inserted language is to be preferred to the printed language. See *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.,* 317 Mass. 652, 654-655, and authorities cited: Restatement: Contracts, s. 236 (e)."

Obviously the words "SPECIAL PROVISIONS — (Note: Insert any agreements in addition to or contradicting the above)" appeared on a printed form. The language used which seems to have been specially inserted, plainly contradicts that used in the preceding clause, and, in our opinion, its proper interpretation determines the rights of the parties. It provides, as we construe it, that the agreement could be cancelled for any reason by the buyer or seller. It says nothing about fault on the part of either. It further provided that in the event of cancellation the $500.00 deposit was to be "divided equally" between the plaintiff and defendant. The plaintiff on cancellation, we think, was entitled to retain $250.00 of the deposit which was intended by the parties, although fuzzily expressed, to be in full payment for his services. See *Devore* v. *Good,* 321 Mass. 84, 86. The fact the plaintiff vol-

untarily returned the deposit to the buyer does not concern us in this action.

As the finding for the plaintiff is to be vacated, we need not decide whether, as argued by the defendant, another clause in the agreement which read: "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease" would bind the plaintiff who was a party to the agreement. See: *Okasis v. Kwiatkowski,* 349 Mass. 712.

*Judgment for the defendant is to be ordered.*

Williard Ide Shattuck, Jr., Esq., of Fitchburg, for the plaintiff.

Baker, Baker and Bowen, Esqs. of Fitchburg, for the defendant.