BONDSVILLE REALTY, INC. *vs*. DIAMOND INTERNATIONAL CORPORATION. January 4, 1972. After trial in the District Court of this action of contract to recover $18,220.80 allegedly due the plaintiff (Lessor) by the defendant (Lessee) for electrical energy furnished by the Lessor and used by the Lessee in the operation of an elevator in an industrial building in which the leased premises were located, the trial judge found that "there was no agreement oral or written, expressed or implied between the . . . [Lessor] and . . . [Lessee] that the . . . [Lessee] was to pay the . . . [Lessor] for electricity consumed by an electric motor operating an elevator of the . . . [Lessor]." The Lessor claimed no report of the action of the judge in disposing of its requests or rulings. Instead it filed a motion for a new trial on the grounds that (1) there was a mistake of law, without specifying what it was, (2) the switch to the elevator motor was in the premises exclusively leased to the Lessee and the elevator was in the exclusive control of the Lessee, and (3) several months elapsed between the trial and filing of the judge's decision. The motion for a new trial was denied and the Lessor claimed a report of the denial to the Appellate Division. That was the only question reported. After hearing, the Appellate Division dismissed the report and the Lessor appealed therefrom to this court. There was no error. Under the vague first ground of the motion for a new trial the Lessor assumed the right to argue in this court questions of law which could have been raised at the trial

but which either were not raised or were not reported to the Appellate Division. The Lessor was not entitled as of right to raise again those same questions of law upon its motion for a new trial. *Peterson* v. *Hopson*, 306 Mass. 597, 599–600, and cases cited. *Bartley* v. *Phillips*, 317 Mass. 35, 39. *Devore* v. *Good*, 321 Mass. 84, 85–86. The same is true of the second ground of the motion which sought reconsideration on a question of fact at issue at the trial and decided by the judge. *Peterson* v. *Hopson, supra. Bartley* v. *Phillips, supra. Devore* v. *Good, supra. Matter of Ruby*, 328 Mass. 542, 548. As to the third ground of the motion for a new trial the Lessor argues that G. L. c. 220, § 14A, "is strong evidence that impartial justice is not granted when there is an undue delay in the rendering of a decision for a period greater than four months." This raises no legal question reviewable by this court. *Kerrigan* v. *Kerrigan*, 310 Mass. 832. *Kerr* v. *Palmieri*, 325 Mass. 554, 558. See *Monico's Case*, 350 Mass. 183, 184–185. The denial of the motion for a new trial involved no abuse of discretion by the judge.

*Order dismissing report affirmed.*

*Leonard S. Michelman* for the plaintiff.
*Philip A. Brooks*, for the defendant, submitted a brief.