WILLIAM R. SMITH *vs.* WILLIAM S. GREENE, JOHN McMAHON, claimant.

Bristol.     October 28, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, SHELDON, & RUGG, JJ.

*Contract,* Performance and breach. *Sale.*

The owner of certain real estate made an agreement in writing to sell it to one who, as part of the agreement, made an advance payment to an agent of the owner, but who, later, but before the time agreed upon for delivery of the deed, for a reason in no way connected with the ability of the owner to convey a good title, declined to carry out the agreement. The owner brought an action of contract against the agent for the advance payment and, the person who made the payment claiming the money, he was summoned in as a defendant. At the trial of the action, it appeared that the owner's title was encumbered at the time when the agreement with the claimant was made, and the claimant contended that this excused him from performance. The presiding judge refused to direct a verdict for the claimant, but instructed the jury that, in order to entitle the plaintiff to recover, he was bound to show that he had tendered a deed or that the conduct of the claimant excused him from doing so. The jury found for the plaintiff. *Held,* that, in the absence of anything in the agreement to that effect, the vendor was not required to have a good title at the time when the agreement was entered into and from then until the time of performance, and that the ruling of the presiding judge was correct and the verdict of the jury warranted.

CONTRACT for a sum of money alleged to have been a payment made to an agent by one who agreed to purchase land from the plaintiff and who, after making the payment, refused to carry out his contract. The agent was the defendant and the

person who made the payment was made a party defendant as a claimant under R. L. c. 173, § 37. Writ in the Superior Court for the county of Bristol dated April 21, 1906.

There was a trial before *Dana*, J., who refused to direct a verdict for the claimant, and the claimant excepted. The facts are stated in the opinion.

'*C. R. Cummings*, (*J. W. Cummings* with him,) for the claimant.

*M. R. Hitch*, (*M. C. Fisher* with him,) for the plaintiff.

MORTON, J. The claimant McMahon, whom we shall speak of as the defendant, entered into an agreement with the plaintiff to buy, and the plaintiff agreed to sell, certain real estate belonging to the plaintiff situated in Fall River. The sale was made through a broker and a memorandum of the agreement was reduced to writing and signed by him. The memorandum recited that the broker had received from McMahon $500 on account of and in part payment of the real estate sold and that the balance was to be paid on delivery of the deed. Before the time came for the delivery of the deed, the defendant refused to complete the purchase and take a deed, and this action was thereupon brought by the plaintiff against the broker to recover from him the $500 which had been paid to him as aforesaid by the defendant. The defendant was admitted as claimant and thenceforward the action was prosecuted between him and the plaintiff. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to certain rulings and refusals to rule by the presiding judge.

At the time the agreement was entered into, the property was subject to certain incumbrances by way of lease and mortgage, and the defendant contended and asked the court to rule that the plaintiff was not entitled to recover because he was not able to perform his agreement by reason of said encumbrances. The presiding judge refused so to rule, and instructed the jury in substance that, in order to entitle him to recover, the plaintiff was bound to show that a tender of a deed had been made, unless he was excused from making such tender by the conduct of the defendant, and that the fact that there were encumbrances on the property did not excuse the defendant from refusing to perform, since it was not to be inferred that the plaintiff could not have extinguished them and delivered a good title.

The instructions assumed, and correctly, that the plaintiff was bound under the agreement to convey a good title free from all encumbrances. *Swan* v. *Drury*, 22 Pick. 485. And, if the defendant had waited till the time came for the delivery of the deed, and the property then had been subject to mortgages and liens, he would have been justified in refusing to accept the deed, and would have been entitled to recover back the money which he had paid to the broker. But he did not wait, and did not, so far as appears, put his refusal to take a deed and complete the purchase on the ground that there were encumbrances upon the property, but on the ground that an abutting owner would object in the following May to a renewal of the liquor license which had been transferred on his application to the premises in question, and that for that reason he did not want the property. Under those circumstances the fact that the property was subject to encumbrances was immaterial except, as the court in substance told the jury, so far as it bore upon the question whether there was an absolute refusal on the defendant's part to take a deed and complete the purchase. *Howland* v. *Leach*, 11 Pick. 151. *Dresel* v. *Jordan*, 104 Mass. 407. *Carpenter* v. *Holcomb*, 105 Mass. 280. *Curtis* v. *Aspinwall*, 114 Mass. 187. *Wells* v. *Day*, 124 Mass. 38. There is nothing to show that the plaintiff was not willing to perform, or that he would not have been ready to perform when the time for performance arrived. He was not obliged to be able to give a good title free from encumbrances during the whole intervening time, but only when the time for performance arrived. *Curtis* v. *Aspinwall, supra.* And the fact that the property was subject to encumbrances when the agreement was entered into and when the defendant refused to take a deed afforded no justification to him for his repudiation of his agreement before the time for performance had arrived. In the absence of anything in the agreement to that effect, there is no law which requires that a vendor should have a good title free from encumbrances at the time when the agreement is entered into, and during the time between that and the arrival of the time when the agreement is to be performed. *Carpenter* v. *Holcomb, supra. Dresel* v. *Jordan, supra.*

The money having been paid by the defendant to the broker as the agent of the plaintiff in part payment of the property

sold, the case stands as it would have stood if the money had been paid to the plaintiff himself, in which case it is clear that, upon the defendant's refusal to take a deed and complete the purchase, the plaintiff would have been entitled to retain the money. It is not contended, indeed, that as between him and the broker, the plaintiff is not entitled to recover.

We discover no error in the manner in which the court dealt with the case.

*Exceptions overruled.*