ARDEN F. SCHILLING & another *vs.* S. SPENCE LEVIN
(and a companion case[1]).

Berkshire.    September 18, 1951. — October 31, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract*, Performance and breach, For sale of real estate.

The facts, that the buyer under a written contract for sale of real estate stated twice to the seller without qualification before the time for performance that he, the buyer, was not going to perform the contract, not basing his refusal on the existence of an encumbrance on the property, and that he never indicated any change of purpose to the seller, although, without notice to the seller, he made a "sham" visit to the place for performance at the time therefor "to avoid liability

---

[1] The companion case is by S. Spence Levin *vs.* Arden F. Schilling and another.

for breach of" the contract, made it unnecessary for the seller to remove the encumbrance prior to the time for performance and to tender at that time, in accordance with the contract, a deed conveying title "free from all encumbrances" in order to be entitled to damages for breach of the contract in an action commenced against the buyer after the time for performance had passed.

Two ACTIONS OF CONTRACT. Writs in the District Court of Central Berkshire dated November 3, 1948, and November 8, 1948, respectively.

The actions were tried together before *Alberti*, J. In the original action the judge found that through the defendant's breach of his contract with the plaintiffs they had been "damaged" in the amount of $1,000, "of which they . . . [had] already received" $200, and found for the plaintiffs in the sum of $800. In the cross action the judge found for the defendants.

*S. E. Bloomberg*, for Levin.

*F. J. Quirico*, (*P. A. Tamburello* with him,) for Schilling and another.

SPALDING, J. These are two actions arising out of an agreement for the purchase and sale of a parcel of real estate. In one, the original action, the sellers seek damages from the buyer for his alleged failure to perform the agreement; in the other, a cross action, the buyer seeks to recover the amount of his deposit, $200. The judge found for the sellers in each action. A report to the Appellate Division was dismissed and the buyer appealed. For convenience the sellers and the buyer will hereinafter be referred to as the plaintiffs and the defendant respectively.

It is not disputed that on April 24, 1948, the plaintiffs and the defendant entered into an agreement in writing for the purchase and sale of a parcel of real estate in Pittsfield. The purchase price was $3,000, of which $200 was paid to the plaintiffs by the defendant upon the signing of the agreement. The premises were to be conveyed "by a good and sufficient warranty deed . . . [of the plaintiffs] conveying a good and clear title to the same free from all encumbrances." If the plaintiffs should be unable "to give

title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease." Under the agreement the passing of papers was to take place at noon of July 15, 1948, at the registry of deeds where the deed was to be recorded.

Pertinent findings of the judge included the following: The plaintiffs' premises were encumbered by a bank mortgage, the face amount of which was $5,000, but in fact as of July 15, 1948, the unpaid balance including interest was $1,216.50. On two occasions prior to July 15, namely, on July 8 and 12, the plaintiffs' attorney communicated with the defendant's attorney for the purpose of making definite arrangements for the passing of papers, and each time the latter informed him that the defendant would not purchase the property inasmuch as he was financially unable to do so. On neither of these occasions was the defendant's refusal to perform based on the fact that the property was encumbered. Following his conversation with the defendant's attorney on July 8 the plaintiffs' attorney sent a letter to the defendant in which he set forth the conversation and urged him to purchase the property so that it would not be necessary for the plaintiffs to bring legal proceedings to enforce the agreement. No reply to this letter was made by either the defendant or his attorney. The plaintiffs were ready, able, and willing to give the defendant a warranty deed and to cause the outstanding mortgage to be discharged. The fact that the plaintiffs did not discharge the mortgage prior to the date of performance was due to the repudiation on the part of the defendant. At noon on July 15, 1948, the defendant and his attorney went to the registry of deeds where under the agreement the papers were to be passed. At no time did the defendant or his attorney notify the plaintiffs or their attorney that they would be there. Although the agreement called for the balance of the purchase price to be paid in cash, the defendant had only a check payable to himself in the amount of $3,000. This visit to the registry by the defendant and

his attorney was "a sham" and made "in an attempt to seem to carry. out the provision in . . . [the agreement] that the deed was to be passed and the consideration paid at the registry." The purpose of the visit was "to avoid liability for breach of his contract." It would have been useless for the plaintiffs to have made a tender of performance, for if they had appeared at the registry with a warranty deed and a discharge of the mortgage the defendant would not have performed.

The questions for decision arise out of the judge's denial in each case of certain of the defendant's requests for rulings. In substance these requests were to the effect that because of the existence of the mortgage on the property on July 15, 1948, the plaintiffs could not recover damages in their action for breach of contract, and that the defendant in his cross action was entitled to recover back his deposit.

In view of the findings, the requests, many of which, it is assumed, were correct as abstract propositions of law, were inapplicable and were rightly denied. This is not a case where the seller is in default because at the time set for performance he offers to convey property subject to an encumbrance in satisfaction of an agreement calling for a title free from encumbrances. Thus cases such as *Burk* v. *Schreiber*, 183 Mass. 35, relied on by the defendant, are not apposite. Here on two occasions shortly before the time of performance the defendant through his attorney stated without qualification that he was not going to perform. No change of purpose on his part was ever communicated to the plaintiffs. The appearance of the defendant at the registry of deeds on July 15 without notice to the plaintiffs was a sham and had no effect on the rights of the parties. But for the defendant's repudiation the plaintiffs, as the judge found, would have been in position to carry out their part of the agreement when the time for performance arrived. They were not obliged to go through the empty ceremony of discharging the mortgage and tendering a deed in order to put the defendant in default. The case is governed by *Carpenter* v. *Holcomb*, 105 Mass. 280, *Curtis* v. *Aspinwall*, 114 Mass.

187, 193, *Smith* v. *Greene,* 197 Mass. 16, 18, and *Sullivan* v. *F. E. Atteaux & Co. Inc.* 284 Mass. 515, 521. No question of anticipatory breach is here involved, since the present actions were not commenced until after the time of performance had passed. See *Daniels* v. *Newton,* 114 Mass. 530.

*Order dismissing report affirmed.*