*Western District*

*District Court of Springfield*

Case No. 128584

**FRANCIS A. JONES and MABEL A. JONES**

v.

**VICTOR H. BRIN, RUSSELL E. DAVIS, ANTHONY H. MUNSELL and MYRTLE M. MUNSELL**

*Hobson, J.* This is an action of contract in which the plaintiffs seek to recover a deposit of $500.00 made at the time they signed an agreement to purchase certain real estate owned by the defendants Munsells. Real estate brokers Brinn and Davis were joined as defendants.

The answer of the Munsells was a general denial; they entered no affirmative pleas. Brinn and Davis answered with a general denial and with affirmative pleas to the effect that, as brokers, they had per-

formed their contract with the Munsells to sell the premises in question; that $500.00 had been paid to them by the plaintiffs as a deposit in accordance with the real estate agreement and that they were in no way indebted to the plaintiffs as alleged.

The trial judge warrantably found, among others, the following pertinent facts:

The plaintiffs entered into a written agreement to purchase the defendants Munsells' property on November 19, 1953.

The sale was effected through the defendants, Brinn and Davis, real estate brokers, with whom the property had been listed for sale.

The purchase price was $12,500.00, of which $500.00 was paid to the brokers at the time of the written agreement, the balance to be paid at the time of conveyance, on or before December 16, 1953.

The brokers retained possession of the $500.00 since the execution of the written agreement on November 19, 1953.

A few days after the execution of the written agreement and before December 16, 1953, the plaintiffs, for personal reasons, unjustifiably repudiated the agreement, in consequence of which the defendants Munsells, on the next day, entered into another written agreement with a third party for the sale of the same property, through the efforts of another real estate agency.

The defendants Munsells, through their attorney, gave written notice to the plaintiffs' attorney, that the defendants were reserving their legal remedies against the plaintiffs, for breach of the agreement.

Before December 16, 1953, and after the second agreement, the plaintiffs changed their minds and decided to abide by the agreement and notified the defendants Munsells. The notification also contained the information that the plaintiffs wished an extension of time beyond

the date of December 16th. An extension of time was not assented to by the defendants Munsells.

The agreement did not specify a place for the conveyance to take place, and on December 16, 1953, the plaintiffs or defendants did not tender, one to the other, an offer of performance, in accordance with the agreement of November 19, 1953.

On December 16, 1953, the plaintiffs were not ready, willing and able to take a conveyance in accordance with the terms of the agreement of November 19, 1953.

The $500.00 down payment was not in the nature of a penalty.

The plaintiffs seasonably made nine requests for rulings, and the trial judge allowed the second and ninth requests and denied all the others as being inapplicable to facts found. The plaintiffs claim to be aggrieved by the denial of their requests as above stated and by certain special findings of fact.

There was no prejudicial error. There are two pertinent rules of law which are decisive of this case. The first is set forth in Restatement: Contracts, §280, (1), in these words:

"Where there are promises for an agreed exchange, if one promisor manifests to the other that he cannot or will not substantially perform his promise, or that, though able to do so, he doubts whether he will substantially perform it, and the statement is not conditional on the existence of facts that would justify a failure to perform, and there are no such facts, the other party is justified in changing his position, and if he makes a material change of position he is discharged from the duty of performing his promise."

This is supported by our own cases. *Nevins v. Ward*, 320 Mass. 70, 73, and cases cited.

The second appears in Restatement: Contracts,

§323, the applicable part being set forth in these words:

> "(1) Where a party to a contract materially changes his position in reasonable reliance on the other party's (a) manifestations of unjustified lack . . . of intention . . . to perform a condition or a promise for an agreed exchange, a subsequent tender of correct performance by the latter party is inoperative to prevent the occurrence of a breach of contract by him at the time when performance becomes due."

This case is well within the rules quoted above. The plaintiffs' promise to buy and the defendants Munsells' promise to convey the real estate in question were clearly "an agreed exchange". The plaintiffs' statement that they would not purchase the real estate, made some days after the signing of the agreement, was a refusal to perform in a substantial respect. Upon receiving the information that the plaintiffs would not purchase the property, the defendants Munsells were not required to wait until December 16, 1953, the date for performance set forth in the agreement, to see whether or not the plaintiffs would change their minds and go forward with the agreement, but were at liberty to take such action as they thought would best serve their interests under the circumstances. *Nevins v. Ward,* supra. *Earnshaw v. Whittemore,* 194 Mass. 187. Accordingly the defendants Munsells had a right to enter into an agreement for the sale of the property with another party.

Inasmuch as the defendants Munsells had made this material change in their position in reasonable reliance on the plaintiffs' statement that they would not purchase the real estate, any attempted or real subsequent tender of correct performance by the plaintiffs was inoperative to prevent the occurrence of a breach of the contract by them at the time when performance became due. Am. Law Inst. Restatement: Contracts, §323.

It follows that the finding of the trial judge that

on December 16, 1953 there was a breach of the agreement by the plaintiffs was correct.

The trial judge found that the $500.00 paid to the brokers as a down payment was not in the nature of a penalty, but was a part payment of the purchase-price. A defaulting purchaser is not entitled to recover a deposit made in part payment. *King v. Milliken,* 248 Mass. 460, 463. The brokers Brinn and Davis held the $500.00 as the property of the defendants Munsells and not as that of the plaintiffs, and the plaintiffs could not recover it from them.

No question of anticipatory breach is involved in this case, because the action was not commenced until after the time of performance had passed. *Schilling v. Levin,* 328 Mass. 2 at 6.

It is not necessary or helpful to set forth in detail the lengthy requests for rulings of the plaintiffs which were denied. In view of the findings of the trial judge, the requests, some of which it may be assumed were correct as abstract principles of law, were inapplicable and were rightly denied. *Schilling v. Levin,* 328 Mass. 2.

*There was no prejudicial error and the report is dismissed.*