*Western District*

No. ...................

**MARIETTA S. EDMONDS**

v.

**CECIL I. CLARK and MARLON CLARK, Alias**

*Present*: Riley, P. J., Hobson and Noonan, JJ.

Case tried to *O'Connor, J.,* in the District Court of Hampshire.

*Riley, P. J.*   The plaintiff seeks to recover

$500 with interest paid as a deposit under the terms of a written agreement for the purchase and sale of certain real estate owned by the defendants on the ground that the defendants were unable to give a good and clear title free of all encumbrances as provided in the agreement. The defendants' answer is a general denial; that the property in question was free and clear of all encumbrances at the time and place appointed for the transfer of the property; and that the plaintiff informed the defendants after the execution of the agreement that she would not purchase the property. The defendants further filed a declaration in set-off alleging damages due to the plaintiff's breach of the agreement. As the defendants have not claimed to be aggrieved by any rulings or findings of the trial judge who found for the plaintiff upon the declaration in set-off no consideration need be given to this branch of the case.

The report recites the evidence offered at the trial and contains the following recitation of the court's findings of facts:

"The evidence introduced at the trial tended to show and I specifically find that Plaintiff and Defendant on August 20, 1956, entered into a written Agreement for the Sale and Purchase of certain real estate located on North King Street, Northampton, Mass., known as Lot No. 14 on 'Plan of Land in Northampton, Massachusetts, belonging to Hoyt D. Clark, dated August 26, 1951, which plan is to be recorded in said Registry, together with a Private Right of Way', as shown on Plan hereto annexed, (Plaintiff's Exhibit No. 3), for the sum of Fourteen Thousand Four Hundred Fifty Dollars, the plaintiff giving in part payment the sum of Five Hundred Dollars, by check (Plaintiff's Exhibit No. 2), and the balance

of Thirteen Thousand Nine Hundred Fifty Dollars to be paid upon the delivery of the deed at 10 o'clock A. M., September 10, 1956, at the Registry of Deeds, in Hampshire County, Northampton, Mass., the premises to be conveyed free from all encumbrances.

There was further evidence and I so FIND that on September 3, 1956, the Plaintiff came to the home of the Defendants with her son and told the Defendants that she did not want the property. On the following Friday, September 7, 1956, Plaintiff again told one of the defendants (Cecil I. Clark) that she did not want to purchase the property and under no circumstances would she live on the property because of family differences and troubles.

Further testimony was introduced to show that no Plan of the Property was submitted to the Planning Board of the City of Northampton, or to the City Engineer (one Ryan), for approval under the 'Subdivision Control Law', which became legally effective on March 1st, 1954, in the City of Northampton.

Further testimony showed and I so FIND that at the time and place specified in the Agreement, the Defendants, together with their Attorney, appeared and were ready to go through with the transaction and convey the property as specified in the Agreement, but that neither the Plaintiff nor any representative in her behalf appeared to offer any explanation for her absence. It further appeared and I so FIND that on the afternoon of September 10, 1956, the Plaintiff telephoned one of the Defendants (Cecil I. Clark) and informed him that she would not buy the property under any consideration.

Further testimony was introduced to show and I specifically FIND that the Plaintiff's obligation to purchase the property in question was not conditioned upon the approval of any plan.

I FIND that Plaintiff after executing the Agreement in question refused to fulfill her part of the Agreement because of family differences and troubles and did not wish to go through with the purchase of the property under any con-

sideration, and the failure of the defendants to record a plan of the parcel and right of way in question, in no wise entered into the Plaintiff's refusal to complete her part of the Agreement.

I further FIND that the Defendants were able and willing to make the conveyance as stipulated in the Agreement and the Plaintiff unequivocally refused to perform her part of the Agreement and by so doing she (Plaintiff) repudiated her Agreement and waived any objection which she might have to the defendant's title."

The judge amended his report by adding thereto the following:

"1. Between August 20, 1956 and September 10, 1956, the defendants owned the fee to lot No. 14 and the real estate designated 'Private Right of Way' on the plan referred to in the real estate agreement."

He found for the defendants Clark and refused the following request duly filed by the plaintiff:

"The failure by the Defendants to record a Plan of the parcel and the right-of-way described in the real estate Agreement as a matter of law, created an encumbrance on said parcel and, therefore, the Defendants were unable to convey a good and clear title to said premises free of all encumbrances as required by said Agreement."

The plaintiff claims to be aggrieved by the denial of this request and the court's finding for the defendants.

The trial judge was warranted in his finding for the defendants. The agreement was dated August 20, 1956 and he specifically found that on September third, a short while after, the plaintiff told the defendants that she did not want the property and that on

September seventh she again told one of the defendants she did not want to purchase the property and under no circumstances would she live on the premises because of family differences and troubles and that again on September tenth, after the defendants had appeared at the Registry of Deeds ready and willing to go through with the transaction, she telephoned one of the defendants that she would not buy the property under any consideration. His further finding that the plaintiff's obligation to purchase the property in question was not conditioned upon the approval of any plan but that her refusal to fulfill her part of the agreement was caused by family differences and her repeated statements that she would not purchase the property was fully warranted upon the evidence. In view of these findings of fact there was no error in denying the plaintiff's request for ruling above set out.

This case is governed by *Schilling v. Levin,* 328 Mass. 2 and cases cited on pages 5 and 6. In that case the court says on page 5:

"This is not a case where the seller is in default because at the time set for performance he offers to convey property subject to an encumbrance in satisfaction of an agreement calling for a title free from encumbrances . . . Here on two occasions shortly before the time of performance the defendant through his attorney stated without qualification that he was not going to perform. No change of purpose on his part was ever communicated to the plaintiffs . . . But for the defendant's repudiation the plaintiffs, would have been in position to carry out their part of the agreement when the time for performance arrived. They were not obliged

to go through the empty ceremony of discharging the mortgage and tendering a deed in order to put the defendant in default."

*Sullivan v. P. E. Atteaux & Co., Inc.,* 284 Mass. 515 was an action to recover a deposit made by the plaintiff under an agreement to purchase certain real estate owned by the defendant. The case was heard by a judge without a jury who found for the defendant. This finding was sustained by the Supreme Court which spoke on page 521 as follows:

"On September 12, 1928, the plaintiff refused to accept the deed tendered by the defendant on the sole ground that he could not raise the balance of the purchase money, he at that time having 'heard something about the attachments and failure to give notice before September 12, 1928.' This conduct of the plaintiff under the decisions in this Commonwealth was a waiver of his right to object to the title later. It was not necessary that the defendant come with the deed, and certificates showing no record cloud on the title, and with a receipt from the Commonwealth of the excise tax which was not payable until September 20, 1928, if the plaintiff refused to go on for the reason that he could not pay the balance on September 12, 1928. The plaintiff's refusal to take the deed was unqualified and absolute, not founded upon the existence of the alleged encumbrances or upon a doubt of the defendant's ability to remove such if necessary. *Carpenter v. Holcomb,* 105 Mass. 280, 285, 286."

In *Carpenter v. Holcomb,* 105 Mass. 280 at 286 the court says:

"The defendant's refusal to take a deed was unqualified and absolute, not founded upon the existence of the incumbrance, or a doubt of the plaintiff's ability to remove it if necessary. Upon this point, the defendant's offer to give up that part of the purchase money which he had already paid is significant, and inconsistent with the idea that he then relied on the insufficiency of the plaintiff's offer.

The circumstances attending the refusal, and the terms in which it was expressed, were such as to justify the jury in inferring that to procure a discharge of the mortgage, and make further proffer of it, would be but an idle ceremony, which it was intended to dispense with, thus leaving the defendant wholly at fault in not completing the contract. *Hapgood v. Shaw,* ante, 276."

In *Leigh v. Rule,* 331 Mass. 664 it is said, citing the *Schilling* case, among others, "But the law does not require a party to tender performance if the other party has shown that he cannot or will not perform." See also *Smith v. Greene,* 197 Mass. 16, 18.

The plaintiff relies upon the case of *Livoli v. Stoneman,* 332 Mass. 473. In that case the agreement for purchase and sale contained a provision that it was "subject to the subdivision plan being approved by the Planning Board, for a development" and the further provision that if the defendants should be unable to give title or to make conveyance as above stipulated, all payments made under the agreement should be refunded. In the case at bar the agreement contains no reference to the approval of the plan or the Planning Board and the judge specifically found that the failure of the defendants to record a plan of the parcel and right-of-way in question in no wise entered into the plaintiff's refusal to complete her part of the agreement. There is no error in the judge's ruling or finding and the report will be ordered dismissed.