WALLACE A. LAVALLEE *vs.* SYLVIA R. CATALDO.

Middlesex.     November 8, 1961. — December 13, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract*, For sale of real estate, Performance and breach.     *Tender.*

After the making of a contract for sale and purchase of real estate providing that the buyer should not be obligated to complete the purchase nor forfeit his deposit unless the seller had delivered to him a certain Federal Housing Administration certificate of appraised value for the purposes of a mortgage insured by the Administration, conduct of the buyer before the time for performance of the contract in refusing to pay the fee for the appraisal and notifying the seller that he, the buyer, "was not going through with the transaction" was a repudiation of the contract which excused the seller from tendering the certificate of appraisal and barred an action by the buyer against the seller to recover the deposit.

CONTRACT. Writ in the First District Court of Eastern Middlesex dated December 8, 1959.

The action was heard by *Brooks*, J.

*Willy Nordwind, Jr.,* for the plaintiff.

*James T. Cassidy, Jr., (Joshua J. Vernaglia* with him,) for the defendant.

CUTTER, J. The plaintiff made a deposit of $2,000 under an agreement to purchase from the defendant for $7,900

certain residential real estate. The agreement contained this provision: ''It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase . . . or to incur any penalty by forfeiture of . . . deposits . . . unless the seller has delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $7,900 . . . .''

The plaintiff intended to finance his purchase with a mortgage insured by the Federal Housing Administration (F. H. A.). See 12 U. S. C. (1958) §§ 1701, 1702, 48 Stat. 1246, as amended through 65 Stat. 303. The quoted provision apparently was included in the agreement because of 12 U. S. C. (1958) § 1715q, inserted by 68 Stat. 590, 607, and as amended through 71 Stat. 294, 298. See 24 C. F. R. (1959) § 221.14.

The defendant's agent undertook to help the plaintiff procure a mortgage. The plaintiff signed necessary F. H. A. applications. Before an F. H. A. appraisal could be obtained, the plaintiff refused to pay the $20 fee for the appraisal and notified the defendant ''that he was not going through with the transaction and asked for the return of the deposit.'' A bank was willing to take the plaintiff's mortgage, and the plaintiff was so informed about November 7, 1959.

In an action in a District Court to recover the deposit, the trial judge found the foregoing facts and concluded that the plaintiff had ''refused, for insufficient reasons, to go further with the transaction.'' He ruled that, in the circumstances, ''it was unnecessary for [the] defendant to . . . tender to [the] plaintiff a certificate of appraisal'' and found for the defendant. The judge refused various requests for rulings by the plaintiff inconsistent with his ruling. These, in substance, asked the judge to rule that the defendant must obtain an appraisal certificate in order to retain the deposit.

The Appellate Division correctly dismissed a report by the trial judge. The plaintiff's repudiation of his agree-

ment excused the defendant from preparations for performance. See *Daniels* v. *Newton,* 114 Mass. 530, 533; *Schilling* v. *Levin,* 328 Mass. 2, 5. See also *M. DeMatteo Constr. Co.* v. *Daggett,* 341 Mass. 252, 259. She was entitled to retain the deposit. *King* v. *Milliken,* 248 Mass. 460, 463. *Macurdy* v. *Carver,* 328 Mass. 434, 435. See *Beck* v. *Doore,* 319 Mass. 707, 710. There is no indication in the Federal statute or in its legislative history that the Congress intended that such a contract provision should provide (as against a vendor not in default) an escape clause to a purchaser who has deliberately repudiated his contractual obligations in advance of the time set for performance. See Sen. Rep. No. 1472, 83d Cong., 2d Sess., U. S. Code Cong. & Adm. News 1954, pp. 2723, 2741. We interpret the contract provision as requiring only that the delivery of the appraisal certificate be made to a purchaser, who has not repudiated his contract or become in default under it, prior to the completion of the transaction. There is no basis for supposing that the provision was designed to relieve a purchaser from the consequences of his own misconduct. It does not require a vendor, not in default, to go through the empty gesture of obtaining an appraisal certificate in order to retain a deposit against a repudiating purchaser. See *Leigh* v. *Rule,* 331 Mass. 664, 668–669. See also *Stabile* v. *McCarthy,* 336 Mass. 399, 403, 406.

*Order dismissing report affirmed.*