*Southern District*

**EDWARD T. HANNON, et al**

v.

**RICHARD J. TOBIN, REALTOR, et al**

*Present*: Nash, P. J., Owen & Murphy, JJ.

Case tried to *Tamkin, J.* in the Second District Court of Plymouth, No. 33081.

*Murphy, J.* This is an action of contract in which the plaintiff seeks to recover a deposit paid under a real estate agreement. The plaintiffs are Edward T. Hannon and Mary T. Hannon, and the defendants are Richard J. Tobin, a realtor, and Sarah Tucci. The

deposit in question was in the amount of $500. The defendant's answer was a general denial.

The court warrantably found the following facts:

"The plaintiffs, Edward T. Hannon and Mary T. Hannon entered into a real estate agreement with the defendant Sarah Tucci, a widow, for the purchase of real estate, a single family house occupied by said Sarah Tucci and the late John Tucci in the sum of $22,500; the title of said real estate was in the name of the defendant Sarah Tucci, and her late husband John Tucci, as tenants by the entirety; and in accordance with said agreement, said premises were to be conveyed on or about *June* 1, 1962; that said agreement required the defndant Sarah Tucci to paint the outside trim at no cost to the plaintiff; the court finds no provision within said agreement called for "time being of the essence" in the conveyance of said title.

"There was a conversation between the plaintiff, Edward T. Hannon and the defendant Richard Tobin, the real estate broker, that the plaintiffs would have to sell their present home before they would have funds to buy the property from the defendant Sarah Tucci. The plaintiffs and a cousin, one Leo Hannon, a realtor, were present when said defendant Richard Tobin typed the said agreement; the said Leo Hannon made several suggestions for the protection of said plaintiffs, and that said provisions were put in the agreement. Even though the plaintiff

had to sell their existing home to get the funds to purchase the real estate in issue, no provision making the purchase contingent upon the sale of the plaintiff's property was placed in the agreement by said plaintiffs or their cousin, Leo Hannon, a realtor in their behalf. A deposit of $500 was paid to the defendant Sarah Tucci by the plaintiffs.

"Title was not passed on *June* 1, 1962. On *June* 15, 1962, the plaintiffs and their attorney, George Burke, and defendant's attorney, George Edlund, appeared at the Registry of Deeds. On said *June* 15, 1962, the defendant, Sarah Tucci, had not painted the outside trim; a federal tax waiver had been filed by the defendant, Sarah Tucci; a form L-8, Massachusetts tax waiver had not been filed by the defendant, Sarah Tucci. The defendant Sarah Tucci, by her attorney, tendered the deed to the plaintiffs. The plaintiffs, on advice of their counsel, Mr. Burke, refused to accept said deed in the absence of the form L-8.

"On *June* 1, 1962, *and on June* 15, 1962, the plaintiffs did not have the money to purchase said property.

"The plaintiffs' failure to tender the balance of the price when due, constituted a repudiation of the agreement which deprived the plaintiffs of all rights under it; they cannot recover back their deposit.

"General Laws, Chapter 65, Section 1 provides, that in the case of any beneficial interest arising or occurring by survivorship of a husband or wife in a tenancy by the entirety

in a single family residential property occupied by such husband and wife as a domicile, there shall be allowed an exemption of said property through the extent of its value, and in multiple family residential property so occupied there shall be allowed an exemption of such property to the extent of $25,000 of its value.

"The Commonwealth of Massachusetts had no lien or incumbrance upon the real estate in issue, a single family residential occupied by the defendants, Sarah Tucci and her late husband, John Tucci. No affirmative evidence having been presented by the plaintiffs that a good and clear title could not be conveyed by the defendant in accordance with a provision of the agreement to convey a good and clear title."

The court found for the defendant.

The plaintiffs duly filed 20 requests for rulings, all of which were denied, with the exception of request for ruling No. 15.

The plaintiffs claim to be aggrieved by rulings 1 through 20, with the exception of ruling 15.

The court found as a fact that the plaintiffs did not have the money to purchase the property and had repudiated the contract, thereby, forfeiting any rights they had under it.

█ This finding is decisive of the case, and although the reported evidence to substantiate it is meager, we are not disposed to disturb it. A judge's general and special findings must stand if warranted on any view of

the evidence, *Moss v. Old Colony Tr. Co.,* 246 Mass. 139 and further such findings import a further finding of all the subsidiary facts necessary to sustain them. *New York Central Railroad v. Marinucci Bros., Inc.,* 337 Mass. 469.

The plaintiffs did not have the money to buy. This was tantamount to a refusal, and such refusal will excuse the vendor from clearing incumbrances on his title and even excuse him from preparing to perform. *Smith v. Green,* 197 Mass. 16; *Schilling v. Levine,* 328 Mass. 2 and see *LaValle v. Cataldo,* 343 Mass. 332.

The case of *Leigh v. Rule,* 331 Mass. 664, states this general rule. This was a bill in equity to recover a deposit made under a real estate agreement, where the seller was unable to turn over possession of the premises as required under the terms of the agreement, and the court held that this excused a tender of performance by the buyer and entitled him to recover his deposit from the seller without proof of a tender. In that case it was said at page 668:

> "The general rule is that when performance under a contract is concurrent, one party cannot put the other in default unless he is ready, willing, and able to perform and has manifested this by some offer of performance. But the law does not require a party to tender performance if the other party has shown that he cannot or will not perform. *Schilling v. Levine,* 328 Mass. 2.

Or as was said in *Hapgood v. Shaw,* 105 Mass. 276-279, one seeking to put the other party in default must show that he has offered to perform or has given notice of his readiness to do so, unless excused from performance by the refusal of the other party to perform, or some conduct equivalent to a refusal."

As we said before, the inability on the part of the plaintiff is tantamount to a refusal to perform, and amounts to a repudiation of the contract, and the judge so found. This being the case, the plaintiff is not entitled to recover the deposit back.

The judge made a finding that there was a conversation between the plaintiff and the defendant broker, some time prior to the signing of the written contract to the effect that the plaintiff could not buy until he had sold his own house. This testimony although admitted without objection, was inadmissible and should have been excluded, as it contradicts the terms of the written agreement and, hence, violates the parol evidence rule. It is a fundamental principle of substantive law, as distinguished from adjective law, that parol evidence, even if admitted, must be disregarded in construing an unambiguous written instrument. There was no fraud involved here. *Kavanaugh v. Johnson,* 290 Mass. 587-593 and *New England Foundation Company v. Elliot and Watrous, Inc.* 306 Mass. 177. We, therefore, disregard this evidence.

 The only other point stressed by the plaintiff is the fact that the defendant did not have the form L-8 at the closing. This being a form of tax waiver furnished by the Department of Corporations and Taxations in certain instances. We do not think this is of any great import. The defendant Tucci, could have procured such a waiver on request as indicated on the record. She was qualified for it. The defendants were not obligated to procure the tax waiver and paint the trim on the house as required by the contract in order to put the plaintiff in default. This would have been an empty gesture, for the plaintiff could not have performed in any event, so actually the question of a waiver becomes moot. *Schilling v. Levine,* 328 Mass. 2, and *Smith v. Green,* 197 Mass. 16.

The action of the judge on the various requests for rulings filed by the plaintiff, without going into them in detail, was proper. Some were denied, and those that were denied had ample special findings to justify their denial. Others were rendered inapplicable by the judge's special findings and others were rendered immaterial as a result of such findings.

We perceive no prejudicial error, and *an order should be entered dismissing the report.*

George G. Burke, for the Plaintiff.