*Northern Division*

No. 8004

GEORGE HANSEN

*v.*

NICHOLAS P. KERNWEIS AND
JUDY M. KERNWEIS

Argued: March 15, 1973.   Decided: June 4, 1973.

*Present:* Cowdrey, P.J., Flaschner, Bacigalupo, J.J.

Case tried to *Artesani, J.,* in the Fourth District Court of Eastern Middlesex. Number 1412 of 1969.

**Bacigalupo, J.** This is an action of contract in which the plaintiff, hereinafter called the "seller", seeks to recover the sum of $2,000 as liquidated damages from the defendants hereinafter called the "buyers", because of the alleged breach of a written contract by the buyers to purchase certain real property of the seller. The trial court found for the buyers.

We summarize the pertinent facts found by the court. *On December 9, 1968,* the buyers made an offer to purchase certain real property of the seller, gave the seller's broker a check for $2,000 to bind the bargain, but told the

broker that they did not have funds to cover the check at that time. The broker told the buyers that the check would not be used until a "Purchase and Sale Agreement" was signed by the seller.

On *December 13, 1968,* the seller and the buyers signed an agreement for the purchase by the buyers of the real property together with certain personal property located therein for the sum of $48,000. The agreement was to be consummated on *April 1, 1969,* and provided that in the event that the buyers failed to fulfill their agreement that the deposit of $2,-000 made by the buyers should be retained by the seller as liquidated damages.

At the time of the signing, the buyers told the broker that they still had no funds to cover their $2,000 check. On *January 3, 1969,* the buyers told the broker that they could not go through with the agreement, to find another purchaser, and the buyers stopped payment on the $2,000 check which they had given as an alleged deposit.

On *February 15, 1969,* the seller signed an agreement for the sale of the property with another purchaser for the sum of $47,800 which agreement did not include a refrigerator valued at $200 which was included in the agreement with the buyers. The property was sold to the new purchasers on April 28, 1969.

The trial court, in finding for the buyers, ruled that the seller abandoned the "Purchase

and Sale Agreement'' by signing a new one with another party months before buyers were to perform; the check was only a promise to pay and not a valid deposit; and with respect to liquidated damages ''that the expenses outlined by the plaintiffs were not compensable and especially where plaintiffs occupied premises throughout April, 1969, that the plaintiffs received Two Hundred ($200) Dollars less on second agreement but refrigerator not included; that there was no evidence of market value of property at any time.''

The seller seasonably filed 20 requests for rulings and claimed a report to the Appellate Division because of the denial of certain of these requests by the trial court.

The report is conflicting as to what requests were denied but we conclude that the requests denied by the trial court in substance were as follows: — The evidence *required* findings that:

1. But for the refusal of the buyers to perform, the seller would have been in a position to carry out his part of the agreement when the time of performance arrived.

2. The act of the seller in entering into an agreement with another purchaser after the refusal of the buyers ever to perform was not a discharge by the seller of the obligation of the buyers to pay liquidated damages.

3. Liquidated damages in the amount of $2,000 as provided by the sales agreement was not unconscionable or exorbitant and did bear a reasonable relationship to the damages sustained by the seller and was valid and enforceable against the buyers.

4. A finding for the seller was required.

While some of the seller's requests for rulings appear to present mixed questions of law and fact or are not grounded upon appropriate specifications, we shall consider the underlying principles involved.

It should be noted at the outset that the time for performance of the agreement on April 1, 1969 had passed prior to the commencement of this action on June 19, 1969. Hence, no question of anticipatory breach is presented for our consideration. *Daniels* v. *Newton*, 114 Mass. 530, 532 — *Bryce* v. *MacDougall*, 32 Mass. App. Dec. 104, 106 — *Schilling* v. *Levin*, 328 Mass. 2, 6.

With respect to the ruling that the seller abandoned the Purchase and Sale Agreement, the facts in the case at bar are similar to, and in our opinion governed by, the principles laid down in *Schilling* v. *Levin*, 328 Mass. 2, 6.

In *Schilling,* there was a breach of an agreement for purchase and sale of real estate. The sellers (plaintiffs) sought damages from buyer for failure to perform the agreement. The trial

judge found for plaintiff and he made the following findings, among others: "The passing had been set for July 15, 1948. Plaintiffs' premises were encumbered by a bank mortgage. The plaintiffs were ready, willing and able to give defendant a warranty deed and to discharge the outstanding mortgage when, on July 8 and July 12, defendant's attorney informed plaintiffs' attorney that defendant would not purchase the property. The fact that the plaintiffs did not discharge the mortgage prior to the date of performance was due to the repudiation by the defendant. On the date set for the passing, July 15, defendant and his attorney appeared at the registry of deeds which had been stipulated as the place for the passing." The trial judge found: "It would have been useless for the plaintiffs to have made a tender of performance, for if they had appeared at the registry with a warranty deed and a discharge of the mortgage the defendant would not have performed." (pp. 4 and 5)

The questions for decision on appeal concerned the trial judge's denial of some of defendant's requests for rulings. "In substance these requests were to the effect that because of the existence of the mortgage on the property on July 15, 1948, the plaintiffs could not recover damages in their action for breach of contract. . ." (P. 5) The court said this was not a case in which seller is in default because, at the time for performance, he offers

to convey property subject to an encumbrance in satisfaction of an agreement calling for a title free from encumbrances. The court held that: "But for the defendant's repudiation the plaintiffs, as the judge found, would have been in position to carry out their part of the agreement when the time for performance arrived. They were not obliged to go through the empty ceremony of discharging the mortgage and tendering a deed in order to put the defendant in default." (P. 5)

*Schilling* is similar to the present case, in which buyers communicated their repudiation of the purchase and sale agreement to the seller before the performance date. On the performance date the seller was unable to perform. He had agreed to convey the property to another party. The agreement to convey to another buyer has the same legal effect as the seller's failure to remove the mortgage in *Schilling*. The facts establish that the agreement to convey to the second buyer would not have been made, but for defendant's repudiation. This follows from the fact that the trial judge granted plaintiff's request for ruling No. 7 which states in substance that the conduct of the plaintiffs in entering into a purchase and sale agreement with another buyer after the defendant's repudiation was proper as an attempt to mitigate damages. The granting of this request indicates that the trial judge was satisfied that seller would not have contracted

with the second buyer, had the first buyer not repudiated. *See also Restatement, Contracts, § 280 (1)* — *Nevins* v. *Ware,* 320 Mass. 70, 73 — *King* v. *Milliken,* 248 Mass. 460 — *Earnshaw* v. *Whittemore,* 194 Mass. 187 — *Corbin, Contracts, Vol. 4, § 978.*

For a case where the facts are almost identical with the facts in the case at bar — *see Jones* v. *Brin, et als,* 10 Mass. App. Dec. 138.

It is to be noted that abandonment of a contract as a defense is by way of confession and avoidance and not a direct denial of any element essential to the proof of the main case. It is a distinct and substantive ground of defense which must be alleged in the answer if a defendant seeks to avail himself of it in order to defeat a recovery on the contract. [See: Dangel's Defenses To Law Actions, p. 21, § 7.]

The record does not show that the buyer pleaded abandonment of the contract as a defense. *Mark* v. *Stuart-Howland Co.,* 226 Mass. 35, 42.

The trial court held that the check, payment of which was stopped by the buyers, was not a valid deposit but only a promise to pay. This holding cannot be sustained in view of the stipulation which was entered into by the parties at the commencement of the trial, which in Item 7 provided that, "the agreed purchase price for said premises is $48,000 of

which *$2,000 had been paid as a deposit this day* and $46,000 of it be paid at the time of delivery of the Deed in cash.''

Moreover, the agreement signed by the parties provided, in Item 7 that the sum of $2,000 was paid as a deposit. The fact that payment was stopped on the check or that the buyers did not have sufficient funds on deposit in the bank does not change the essential nature of the check from that of a deposit to a mere promise to pay. In any event, the buyers should be in no better position than one who has not stopped payment on a check given as a deposit in an agreement to purchase real estate and seeks return of the deposit. *King* v. *Milliken*, 248 Mass. 460, 463.

With respect to liquidated damages, the trial court held, as follows:

"that the expenses outlined by the plaintiffs were not compensable and especially where plaintiffs occupied premises throughout April, 1969; that the plaintiffs received Two Hundred ($200) Dollars less on second agreement, but refrigerator not included; that there was no evidence of market value of property at any time."

In an opinion written by *Holmes, C.J.* in the case of *Guerin* v. *Stacey*, 175 Mass. 595, 597 the court stated: ". . .so far as precedent permits, the proper course is to enforce contracts according to their plain meaning and

not to undertake to be wiser than the parties and therefore, that in general, when the parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their words.'' It has been held that ''whether a provision of a contract for the payment of a sum upon a breach is rendered unenforceable by reason of its being a penalty depends upon the circumstances of each case (citations). *Where actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages, such a contract will be enforced.''* (Citations.) But, where the actual damages are easily ascertainable and the stipulated sum is unreasonably and grossly disproportionate to the real damages from a breach, or is unconscionably excessive, the court will award the aggrieved party no more than his actual damages.'' *A - Z Service Center, Inc.* v. *Segall, Tr.,* 334 Mass. 672, 675.

In the case at bar, there was no evidence offered to the effect that the sum agreed upon by the parties *at the time of the execution of the contract* would not represent a *reasonable estimate* of the actual damages, nor was there any evidence that the actual damages were easily ascertainable or that the stipulated sum was *unreasonable or grossly disproportionate*

to the real damages from a breach, or that it was *unconscionably excessive.*

In the case of *LoRusso* v. *Telfer*, 29 Mass. App. Dec. 47, it was held that a buyer was entitled to recover a deposit made by him in connection with an agreement for the purchase and sale of certain real estate where the seller suffered no actual loss. This case is distinguishable on its facts as the deposit was made by the buyer to the seller *without prejudice to the right of said seller to recover damages for breach hereof."*

We have discussed the several issues raised by the request for rulings of the plaintiff. It would serve no useful purpose to deal specifically with each of them.

We, therefore, conclude that the denial of the seller's request for rulings and the entry of judgment for the defendant were error, that said entry is to be vacated, and judgment entered for the plaintiff in the amount of $2,-000.

No brief or argument was submitted on behalf of the buyers.

ROBERT GRAVES
    for plaintiff.
EDWARD M. VIOLA
    for defendant.